**TIPPITT v. SQUIER, Warden.**

**No. 10706.**

Circuit Court of Appeals, Ninth Circuit.

Sept. 28, 1944.

Cleveland S. Tippitt, in propria persona.

J. Charles Dennis, U. S. Attorney, of Seattle, Wash., and Guy A. B. Dovell, Asst. U. S. Attorney, of Tacoma, Wash., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order denying and dismissing a petition for a writ of habeas corpus. Appellant pleaded guilty and was sentenced for three years in the penitentiary by the United States District Court for Kansas on December 3, 1934, for violation of the Dyer Act. He was committed to the federal penitentiary at Leavenworth, Kansas.

On October 28, 1936, he was transferred for trial, pleaded guilty and was sentenced by the United States District Court for the Western District of Louisiana for another violation of the Dyer Act. The sentence provided that it "is to begin at the expiration of the sentence he is now serving." He was committed to the penitentiary at Leavenworth to serve both sentences.

The parole board recognized a deduction from his two sentences of 576 days for good conduct and 158 days industrial good time for work in prison industries, the aggregate good time deduction being 734 days. The board gave him a conditional release from confinement; that is, a release under conditions of a parolee (18 U.S.C.A. § 716b) from November 29, 1938, his release date, to the end of the six years sentence on December 2, 1940.

While so on conditional release, appellant again committed a federal crime, the entry of a post office to commit larceny, for which he was indicted and upon pleading guilty was sentenced c October 6, 1939, to four years imprisonment by the United States District Court for the Eastern District of Texas. There was a condition in the sentence, later discussed. The

Board of Paroles treated it as a full four years sentence.

Appellant was not again returned to Leavenworth penitentiary. Under the Texas sentence he was committed to the penitentiary at Atlanta, Georgia, and later transferred to the penitentiary at McNeil Island, Washington. On his Texas sentence the parole board found he had earned a deduction from the four years of 336 days for good conduct, and that he was entitled to release from custody on that sentence on November 3, 1942.

On that latter date respondent served him with a warrant for violation of his conditional release on his first two sentences to Leavenworth, notifying him that the 734 days deduction was forfeited and he would be required to serve them and that his release day was November 5, 1944. After hearing by the Board of Paroles in the month of December, 1942, the Board on February 5, 1943, formally recognized the forfeiture of the right to the 734 days of conditional release, and made its revocation of the conditional release on the first two sentences. This confirmed the date of November 5, 1944, as his date of release from the custody of appellee.

It is not questioned that the custody of appellant by the appellee will continue until November 5, 1944, unless one of the two contentions of appellant shall prevail.

(A) Appellant contends that on his first Dyer Act sentence he earned a deduction for good conduct and in prison industry of 315 days. This, he contends, shortened his first sentence so that it terminated on January 23, 1937. The second sentence, by its terms "to begin at the expiration of the sentence he is now serving," he contends, began to run on January 23, 1937, and terminated on January 23, 1940, instead of December 2, 1940, as computed by the board. The effect of appellant's computation is that instead of adding 734 days to the termination of the custody period of appellant's four year sentence, but 419 days should be added making his present custody period end on December 23, 1943, rather than on November 5, 1944.

We do not agree. Appellant's first sentence ended at the end of the three years on December 3, 1937. The conditional release period is a part of the single sentence for the whole term of years. In Johnston v. Wright, 9 Cir., 137 F.2d 914, 915, 917, we held that where a federal sentence was to begin "upon the expiration of the sentences which the said defendants are now serving in the Southern Illinois Penitentiary," it did not begin on the prisoner's release on parole by the Illinois authorities, but at the end of the Illinois sentence after the parole portion was served.

The Wright case with its succession of federal sentences on a state sentence presents an unfortunate situation, which is avoided by our federal parole legislation respecting consecutive federal sentences. The Illinois parole statutes state that the purpose of the release on parole is the reformation of the parolee. He is to find some "honorable and useful employment while upon parole." Smith-Hurd Stats. Ill. c. 38, § 807. His sentence where indeterminate is to end when it appears that he "will remain at liberty without violating the law and that his or her final release is not incompatible with the welfare of society." Smith-Hurd Stats. Ill. c. 38, § 810. In re Wright, D.C., 51 F.Supp. 639, 643. Obviously such reform would be frustrated where during the parole period on a first sentence the parolee is looking forward to another term of imprisonment on a second sentence.

The federal parole system likewise seeks the reformation of the criminal in the parole period. Zerbst v. Kidwell, 304 U.S. 359, 363, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808. The federal provision for consecutive sentences for offenses against the federal law provides:

*"Deductions from sentences for good conduct; computation.* Each prisoner who has been or shall hereafter be convicted of any offense against the laws of the United States, and is confined, in execution of the judgment or sentence upon any such conviction, in any United States penitentiary or jail, or in any penitentiary, prison, or jail of any State or Territory, for a definite term, other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence to be estimated as follows, commencing on the first day of his arrival at the penitentiary, prison, or jail: Upon a sentence of not less than six months nor more than one year, five days for each month; upon a sentence of more than one year and less than three years, six days for each

213

month; upon a sentence of not less than three years and less than five years, seven days for each month; upon a sentence of not less than five years and less than ten years, eight days for each month; upon a sentence of ten years or more, ten days for each month. *When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated.* [Emphasis supplied.] 18 U.S.C.A. § 710.

In appellant's case, in the absence of the last italicized clause, he would be allowed but seven days for good conduct each month on each separate three year sentence. The cumulating clause makes the deduction on the combined six year term at the rate of eight days per month, a difference of 72 days for the period. Appellant accepted the conditional release on the cumulated calculation, 734 days before the end of the six years of the two sentences. He forfeited the 734 days by his Texas crime, for which he was sentenced after his conditional release as parolee, Taylor v. Squier, 9 Cir., 142 F.2d 737, a forfeiture confirmed by the Board of Parole's later revocation of his conditional release.

(B) Appellant's Texas sentence for a crime committed while on parole, served in a different penitentiary, has none of its time credited to his prior sentences. Zerbst v. Kidwell, 304 U.S. 359, 361, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808. Appellant does not question this but contends that by its terms his Texas sentence is not for four years but for some lesser period which he states to be "approximately (2) years." The Texas sentence, after providing a four year term, states:

"Sentence to run concurrently with any revocation of present suspended sentence and conditional release from United States Penitentiary at Leavenworth, Kansas, or other sentence in the U. S. District Court, Northern Division of Kansas, against this defendant."

If this sentence be subject to several constructions, that which makes it valid should be accepted. The phrase "revocation of present suspended sentence and conditional release" refers to the discretionary right of the Board of Paroles to take such action under 18 U.S.C.A. § 719. The "revocation" is a future board action. It does not refer to the Texas crime itself,

for which the board may or may not revoke the good conduct deductions.

To us it is clear that the Texas District Court intended that if at any time during the four years of that sentence the Board of Paroles made its order of revocation of the 734 days deduction of the custody period, the remainder of the four year sentence should run concurrently with the 734-day period.

The Board of Paroles did what the Texas sentence contemplated. It revoked the conditional release suspension of the 734 remaining days of imprisonment on the first two sentences on November 3, 1942, before the four year sentence had expired. The 336 parole days remaining of the Texas sentence ran concurrently with and expired within the 734 days of the prior sentences. The District Court properly could make a later portion of its four year sentence run concurrently with the portion of a prior sentence which is to be served after the four year sentence begins. Capone v. United States, 7 Cir., 51 F.2d 609, 620, 76 A.L.R. 1534. The concurrency sought by the Texas court was successfully obtained.

One suggested interpretation makes invalid the Texas sentence. If it be construed as intending not to begin to run till the Board of Paroles made its act of revocation, the sentence is invalid for indefiniteness. The Board of Paroles may exercise its discretion not to revoke (18 U.S.C.A. § 719), in which event the Texas sentence never would begin to run. Another construction is that the sentence should be construed as in effect a direction by the District Court to the Board of Paroles to make the whole 734 remaining days sentence concurrent within its four year sentence. Such a construction would make the sentence invalid, since such a direction to the board is obviously beyond the power of that court. Cf. dicta in Tippitt v. Wood, 78 U.S.App.D.C. 332, 140 F.2d 689.

Since the appellant must be in custody till November 5, 1944, the District Court below properly denied and dismissed his petition for a writ of habeas corpus.

Affirmed.

MATHEWS, Circuit Judge, concurs in the result.