**GOULETTE v. HUNTER, Warden.**

No. 1067 H. C.

District Court, D. Kansas, First Division.

Oct. 13, 1947.

Hylton Harman, of Kansas City, Kan., for petitioner.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan., for respondent.

MELLOTT, District Judge.

Petitioner, an inmate of the United States Penitentiary at Leavenworth, Kansas, was recently brought before this court under a writ of habeas corpus. The respondent filed a motion to dismiss, which, after argument, was taken under advisement by the court, and some evidence was introduced. No facts other than those pleaded in the petition, however, were proved; so no findings of fact are made.

The question is essentially one of law. The facts well pleaded and which, for present purposes, are admitted by the motion, are as follows:

In July of 1941 petitioner was sentenced to a term of from one to three years in the State Penitentiary of Wisconsin. While serving such sentence he was taken before the Honorable Patrick T. Stone, Judge of the Western District of Wisconsin, who, on March 9, 1942, sentenced him to a term of five years. After serving approximately forty-four (44) months of that sentence—the dates set out in the petition indicate 43 months and 4 days—he was released on parole. While at large on parole he was indicted by a grand jury in the Western District of Wisconsin for a violation of the Dyer Act. National Motor Vehicle Theft Act, 41 Stat. 324, Title 18 U.S.C.A. 408. On August 1, 1946, he pleaded guilty to the two counts of the indictment last referred to and was sentenced by the same court to three (3) years imprisonment on each count, the sentences to run concurrently, " * * * and it was further ordered that the sentence[s] on both counts [were] to run concurrently with the sentence imposed upon your petitioner in and by the same court on March 9, 1942." [1]

The charge made in the petition before this court is that the order of Judge Stone "has flagrantly been denied;" that petitioner is now "serving the two (2) three (3) year terms, imposed on August 1, 1946, and that if the order of the court is to be executed, then the United States Parole Board must serve the proper warrant or process, ordering petitioner's unexpired term to commence;" and that petitioner's present detention by the warden is illegal.

For present purposes this court will assume, as did learned counsel in arguing the motion, that petitioner was at large under a conditional release or parole, 18 U.S.C.A. § 710 et seq., at the time the indictment to which he pleaded on August 1, 1946, was returned; that a parole violator's warrant had been issued within the period of the sentence imposed by Judge Stone on March 9, 1942; that it had not actually been served upon petitioner prior to August 1, 1946; and that the prison authorities are holding the warrant to be served upon petitioner when he has completed service of the sentence imposed on August 1, 1946. Thus this petitioner is in a position somewhat similar to that of the petitioner in Quinn v. Hunter, D.C., 64 F.Supp. 653; United States v. Quinn, D.C., 69 F.Supp. 488, reversed on question of procedure United States ex rel. Quinn

---

[1] The quotation is from the petition filed in this case.

v. Hunter, 7 Cir., 162 F.2d 644; and in Tippitt v. Wood, 78 U.S.App.D.C. 332, 140 F.2d 689. Cf. Tippitt v. Squier, 9 Cir., 145 F.2d 211.

At the outset it will not be amiss to discuss the cited cases briefly and to point out wherein the facts recited above differ from the facts in the decided cases. In the first-mentioned case the full term of petitioner's (Quinn's) sentence in the later case—corresponding to the sentence of August 1, 1946, here under attack—had expired prior to the filing of the petition for a writ of habeas corpus. The validity of petitioner's detention under the parole violator's warrant, therefore, was the issue before the court. In the next (Quinn) case the same petitioner had been taken before the sentencing court—irregularly, as the Circuit Court of Appeals for the Seventh Circuit afterwards held—and that court ordered his release upon the theory that when the commitment came to the attention of the warden he either should have given effect to the portion of the sentence directing it to be served concurrently with the period yet unserved under the original sentence—the period covered by the warrant—or have advised the sentencing court, timely, that he could not execute the sentence as rendered or accept the petitioner as a prisoner. In the first Tippitt case, a petition for mandamus had been instituted in the District Court of the United States for the District of Columbia against the members of the United States Parole Board, to require it to serve a parole violator's warrant upon Tippitt, to the end that a sentence imposed upon him by Judge Allred of Texas, somewhat similar to that imposed upon this petitioner, might be made to run concurrently with the time remaining to be served under the earlier sentence. In the last Tippitt case, like in the first Quinn case, the most recent sentence imposed had been fully served before the habeas corpus proceeding was instituted and the validity of petitioner's detention under the parole violator's warrant was the sole issue then before the court.

Respondent in this case places his chief reliance upon Tippitt v. Wood, supra, some of the language used in the majority opinion in that case being thought to be apposite. With some reluctance, however, and with due deference to the learned judges who spoke for the court in that case, this court is constrained to adopt the view expressed by Judge Arnold in the dissenting opinion. It will be noted that he concurred in the result reached by his associates—that the petition for mandamus should be dismissed because it was an attempt to compel the Parole Board to exercise its discretionary power over its own warrants—but he felt that they were sowing "seeds for future procedural confusion" by permitting mandamus to be used as a substitute for habeas corpus and that they had reached a "palpably unjust conclusion that * * * [the prisoner] must serve almost two years longer than the sentencing judge intended." He characterized their "observations" on the issue of the legality of the imprisonment of the plaintiff as obiter dicta; and it is not without significance that the Circuit Court of Appeals for the Ninth Circuit seems to have shared that view, as indicated in Tippitt v. Squier, supra, 145 F.2d loc.cit. 213.

But passing such doubt as this court has had the temerity to express with reference to the correctness of the court's decision in the Tippitt v. Wood case, supra, it comes at once to the issue to be decided here. It should be kept in mind that the present issue is not whether the action of the Parole Board can be controlled by mandamus; it is not whether the warrant issued by the Parole Board is valid; nor is it whether petitioner can be required to serve the remaining portion of his first sentence. It is whether he is *now* held under a valid and legal sentence. If this question is answered in the affirmative the writ of habeas corpus must be discharged and he must be 'remanded to the custody of the respondent. If it is answered in the negative he must be disposed of according to law.

■■ A negative answer to the question seems to be indicated by the facts. The test to be applied in determining whether a sentence is merely erroneous or void, as indicated by In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 325, 38 L.Ed. 149,

is whether the court, pronouncing it, has kept "within the limitations prescribed by the law, customary or statutory. When the court goes out of these limitations, its action, to the extent of such excess, is void." The sentencing court had no jurisdiction, at the time of the imposition of its second sentence, to order that its first sentence be served contemporaneously or concurrently. A commitment had been issued and a substantial portion of the first sentence had then been served. Whether the remaining portion would ever be served or not rested within the discretion of the Parole Board, Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 803; and the exercise of such discretion could not be controlled by the sentencing court or by any court. Zerbst v. Kidwell, supra. If the sentence imposed be construed to be a direction that the prisoner be incarcerated under it only if and in the event that the parole violator's warrant be served, it is void for indefiniteness; for the warrant might never be served and hence the sentence might never begin. Moreover, it would be in violation of the statute requiring that sentence commence to run from the date the person sentenced is received at the designated institution. Act of June 29, 1932, c. 310, Sec. 1, 47 Stat. 381, Title 18 U.S.C.A. § 709a. On the other hand, if the sentence imposed be construed to be a direction by the sentencing court that petitioner be confined under the two sentences for a period not in excess of three years, such direction by the court would be beyond its authority. This seems to be the view taken by the respondent; for admittedly he proposes to hold petitioner for the three years imposed on August 1, 1946 (less good-time allowances), after which he will be required to serve the sixteen (16) months period covered by the parole violator's warrant. Finally, it will be noted, the sentence actually imposed is not being served; so it cannot be found as a fact that petitioner is now being held under a valid order of commitment and sentence.

Having determined that the petitioner is now being held illegally, what disposition should be made of him? The answer may be found in Wilson v. Bell, 6 Cir., 137 F.2d 716, 719. Therein the court stated:

"I find that in many instances the courts have released prisoners, when they found the authority for holding them was invalid; but the proper practice is laid down in the case of In re Bonner, 151 U.S. [242], 259, 14 S.Ct. 323, 38 L.Ed. 149, which is to remit the prisoner to the court wherein he was sentenced for further action by that court in conformity to law. It is objected, however, that the term of that court in which the sentence was rendered has passed, and therefore that court would have no jurisdiction to now make any further order in the case. The contrary was held in Bryant v. United States [8 Cir.], 214 F. [51] 53, 130 C.C.A. 491, where the court held that, if a court imposes a void sentence, it does not lose jurisdiction to impose a proper sentence at a later term, particularly where the question is raised at the instance of the defendant, on whom such sentence had been passed."

The proper disposition of the petitioner seems to be to return him to the sentencing court for resentence. It is doubtful if this court has any authority to order that the Warden of the Penitentiary attend to the details of returning him to the Western District of Wisconsin. In all probability the sentencing court and its attaches will take proper steps to see that a valid and legal sentence is imposed. An order will therefor be entered by this court directing that the respondent turn the petitioner over to the United States Marshal for the Western District of Wisconsin to be returned to that District for such further action as to the court may seem meet and proper under the plea heretofore entered by the petitioner on August 1, 1946. The order of this court will also provide that, unless petitioner is taken into custody by said Marshal before 12 o'clock noon on Saturday, November 1, 1947, he shall then be released by the respondent herein.