## NORMANDALE v. HIATT.
### No. 14815.

United States Court of Appeals
Fifth Circuit.
March 12, 1954.

Harold Normandale, in pro. per.

James W. Dorsey, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

Claiming that he was being illegally detained by the Warden of the United States Penitentiary at Atlanta, Georgia, appellant, petitioner below, filed his petition for writ of *habeas corpus*, on August 18, 1953, to obtain release from cus-

---

tody. His claim was: that from the day of his return to the penitentiary on August 5, 1950, pursuant to the writ of *habeas corpus ad testificandum* issued by the United States District Judge for the Eastern District of Louisiana, he had been serving concurrently the second sentence of five years and six months imposed on him on July 29, 1949, and the 489 days which, because of a conditional release violation in respect of a prior sentence, remained to be served by him; and that the service of his second sentence having been completed on August 16, 1953, the service of the 489 days due to be served for violation of parole or conditional reliease was also completed on that day, and he was therefore, being detained in violation of law.

The factual basis of this claim was: that when he was returned to the Atlanta penitentiary under the *ad testificandum* writ, the penitentiary authorities refused to receive him on the ground that the marshal who returned him was not provided with the proper papers to effect the return under that writ; that, thereupon, the marshal produced a conditional release violator's warrant for the 489 days unserved on the first sentence; and that the penitentiary authorities accepted the custody of petitioner under that warrant.

The marshal filed his response to the petition to which was attached: photostatic copies of the writ of *habeas corpus ad testificandum*; the judgments and commitments from the United States District Court for the United States District Court for the Eastern District of Louisiana in Criminal Nos. 21609 and 23205; and the warrant of the United States Board of Parole and its referral for consideration of the alleged violations.

Based upon this showing, the district judge held: that when the prisoner was removed from and returned to the penitentiary under the *ad testificandum* writ, he was, and continued at all times to be, in the custody of the Warden of the United States Penitentiary under the second sentence; and that the record was wholly lacking in the proof essential to petitioner's case that the Board had revoked his conditional release and had provided that the unexpired portion should run concurrently with the second sentence; and that, on the authority of Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399,[1] the petition should be denied

Appealing from this holding, petitioner is here insisting: that the Kidwell case is not controlling; and that the facts require the conclusion that the act of the marshal and of the employees of the penitentiary had the effect of starting his service of the time remaining due on the first sentence.

■ We cannot at all agree. It was for the Parole Board and it alone to determine when service of the time remaining due on the first sentence should begin, and the Board had not made that determination. The act of the Marshal in producing the writ and of the penitentiary employees in receiving the prisoner under it were completely without the effect claimed for them. Indeed, they were without any legal effect as to the beginning of service under the parole violator's warrant.

The judgment was right. It is affirmed.

1. Cf. Hammerer v. Huff, 71 App.D.C. 246, 110 F.2d 113; Tippitt v. Wood, 78 U.S.App. D.C. 332, 140 F.2d 689, 690.