**Lloyd B. HART, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15849.**

United States Court of Appeals
Eighth Circuit.

Sept. 22, 1958.

Edwin S. Taylor, St. Louis, Mo. (appointed by the Court) for appellant.

George E. MacKinnon, U. S. Atty., St. Paul, Minn., for appellee.

Before GARDNER, Chief Judge, JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

JOHNSEN, Circuit Judge.

The District Court denied appellant's motion, made under 28 U.S.C.A. § 2255, to have some language in a sentencing order deleted so as to prevent it from being accorded any effect, or alternatively to have it declared that such language was without any significance. The language challenged had relation to the time when service of the sentence should commence to run.

The judge by whom the sentence was imposed had died, so that the motion was heard by another judge of the same court. In holding that appellant was not entitled to the relief sought, the court took occasion to make clarification, by more specific expression, of the intent reflected by the record of the sentencing proceedings. And as thus clarified, the court further engaged in making re-pronouncement of the sentence.

This was done with appellant present in court, represented by counsel, brought before the bench, having full explanation made to him, and being afforded the opportunity for statement, so that no question is involved as to the propriety of the court's collateral action, if appellant's motion was otherwise entitled to be denied.

The sentence was one for a term of 4½ years, imposed on appellant's plea of guilty to the offense of having possession of stolen mail, in violation of 18 U.S.C.A. § 1708, with a provision in the order that "said sentence (is) to be served consecutively and not concurrently with any other sentence to be served by the defendant". It is the quoted language against which appellant's motion was directed, on the claim that it either was invalid in the situation or was incapable of having any effect.

At the time of the commission of the offense involved, appellant had been granted a conditional release from federal prison by the Board of Parole, after having served approximately 5 years of a 10-year sentence (2 consecutive 5-year terms) imposed upon him for convictions of other crimes. Following his arrest for the present offense, a member of the Board issued a parole-violation warrant against him, directing that he be taken into custody by the marshal and be returned to the penitentiary from which he had been released. The marshal made service of the warrant upon appellant, while he was being held in the county jail at Minneapolis, Minnesota, awaiting presentence investigation and sentence pronouncement on his plea of guilty to the present offense. Thus, from that time on, the marshal's right to custody of appellant had a dual basis.

The court imposed sentence on appellant for the present offense on October 27, 1954, and committed him generally to the custody of the Attorney General, as required by 18 U.S.C.A. § 4082, subject, of course, to such effect as the provision for consecutiveness had in the order. On October 29, 1954, the Attorney General's representative, under his warrant custody, directed the marshal to return appellant, as a parole violator, to the penitentiary (Leavenworth) from which he had been released, "for service of the balance of his sentence". Other than this, there was no expression or designation made by the Attorney General in respect to the serving of the sentence for the present offense.

Upon the marshal's surrender of appellant to the warden at Leavenworth, the penitentiary records were made to show his receipt into custody there under the parole-violation warrant. And when the Board of Parole made formal revocation of its order of conditional release on February 15, 1955, there was set up on the penitentiary records a balance of 1835 days as remaining on appellant's first sentence, with notation that service thereof had commenced to run on October 7, 1954, when the parole-violation warrant was served upon him. This was followed by another notation that appellant was to serve a sentence of 4 years and 6 months thereafter, "computed as beginning on Expiration Date of sentence No. 1 above".

The sentence for the present offense, as indicated, had originally provided that the 4½-year term was "to be served consecutively and not concurrently with any other sentence to be served by the defendant". Appellant's counsel had at the time of sentence called the court's attention to the unserved balance of the previous sentence term and sought to urge it as a consideration for leniency in respect to the additional sentence. In the clarification and repronouncement order made by the court in this proceeding, it was provided that "said sentence is to be served consecutively to, and not concurrently with, the sentence you are now serving at the United States Penitentiary at Leavenworth, Kansas, which was imposed by the United States District Court for the Southern District of Iowa, Central Division, on September 19, 1947, in a criminal proceeding in that Court entitled 'United States v. Lloyd Beverly Hart, No. 5076'."

Appellant contends that the provision of the sentencing order as initially pronounced, making service of such sentence consecutive to "any other sentence to be served by him", was, both generally and in particular as related to the sentence on which he had been conditionally released, of such uncertainty as to render it invalid, or, if not invalid, at least incapable at the time of his return to the Leavenworth penitentiary of being accorded any effect.

The substance of the argument made is that the conditional-release sentence was devoid of all operativeness at the time the court imposed sentence for the present offense; that vitality would be restored to the inoperative sentence only in the event that the Board of Parole should, on hearing, as prescribed by 18 U.S.C.A. § 4207, make revocation of the conditional release; and that whether the Board might or might not so do was

a matter of such indefiniteness and contingency as to actuality and time that it could not or ought not to be permitted to be made the basis for consecutiveness in the serving of his second sentence, which otherwise would have immediate effect.

The conclusion urged upon us is that the only sentence upon which the warden of the Leavenworth penitentiary could legally at the time receive and hold appellant in custody at the institution was the present sentence; that this therefore automatically commenced the running of such sentence (see 18 U.S.C.A. § 3568); and that the sentencing order should accordingly be corrected to effect this result on its face, by declaring the provision for consecutiveness to be either invalid or of no significance.

It is true that 18 U.S.C.A. § 4207 entitles a prisoner, who has been paroled or granted a conditional release, to "an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board", before the order of parole or conditional release can be formally revoked, so as to require him to serve the remaining part of his sentence. The two immediately preceding sections of the statute, §§ 4205 and 4206, however, allow a sentence to retain such operativeness and effect against an order of parole or conditional release as to afford an immediate basis for retaking a prisoner on a parole-violation warrant and returning him to the custody of the Attorney General, in institutional confinement, until the Board shall have opportunity to act on whether his parole ought to be revoked or further continued.

Such right to retake and return a prisoner to the custody of the Attorney General and to hold him thereafter in institutional confinement, until the Board has opportunity to act, rests under the statute on the underlying unserved sentence, in that the incidents are given the significance and effect of requiring the prisoner to engage in further service of such sentence for this interim.

This is clear, we think, from the language of § 4205, that "The unexpired

term of imprisonment of any such prisoner [i. e. one against whom a parole-violation warrant has been issued and served] shall begin to run from the date he is returned to the custody of the Attorney General under said warrant * * * *".

Prior to the enactment of this provision in the 1948 revision of the Criminal Code, the statute had ambiguously provided, 18 U.S.C., 1946 Ed., § 723c, that the Board of Parole should have authority "to issue warrants for the retaking of any United States prisoner who has violated his parole", and that "The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the institution * * * *". The Supreme Court had held, in Zerbst v. Kidwell, 304 U.S. 359, 362, 58 S.Ct. 872, 873, 82 L.Ed. 1399, that the returning of a prisoner to the institution had reference, on this language, to his "reimprisonment on the original sentence *under order of the* * * * *Board*". (Emphasis supplied.) Under present § 4205, interim further service of such sentence is provided and may be effected against a prisoner when a parole-violation warrant has been issued against him, and when "he is returned to the custody of the Attorney General *under said warrant*". (Emphasis supplied.)

Such interim further-service of the sentence will, of course, be stopped, should the Board, on hearing, decide to continue the parole in effect and not revoke it. But the period during which the prisoner has been returned to the custody of the Attorney General, under the parole-violation warrant, before the action of the Board on revocation or continuance of his parole, as much constitutes time served under his sentence as that served prior to his parole. Were the Board, on hearing, to continue the parole in effect but should subsequently revoke it for other violation, the time during which the prisoner had been returned to the custody of the Attorney General, under the previous parole-violation warrant, would under the statute

constitute time served on the sentence, as related to the remainder of his term which the Board could by revocation of his parole require him to serve.

This does not mean that such an interim restoration of the operativeness and service of a sentence, which can be effected under the statute through the serving of a parole-violation warrant and a returning of the prisoner to the custody of the Attorney General thereunder, can be made to continue indefinitely, so as to enable the Board of Parole to ignore or escape the prescription of § 4207, that the prisoner "shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board", on the question of whether his parole or conditional release should be revoked. But it is to be noted, on the effect of a retaking of a prisoner on violation warrant and the returning of him to the custody of the Attorney General thereunder, that this renewed legal custody is of such a nature, because of its status as interim further-serving of his sentence, that the prisoner's remedy, if the Board neglects to accord him opportunity for appearance or fails to hold a proper hearing, is in general not one in habeas corpus for unlawful detention, but in mandamus to compel performance by the Board of its statutory duty. See United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468; United States ex rel. Nicholson v. Dillard, 4 Cir., 102 F.2d 94.

Thus, we are of the opinion that, on the issuance and service of the parole-violation warrant existing at the time the sentence for the present offense was imposed, the previous sentence became possessed under the statute of such capacity for operativeness as to entitle the court to make recognition thereof and service of the present sentence consecutive thereto. The Court was thereby simply allowing appellant to be "returned to the custody of the Attorney General under said warrant", with the further serving of his previous sentence which would result under § 4205 therefrom, and with service of the present sentence

to have commencement when the imprisonment under his previous sentence should cease. Such cessation, as previously stated, would occur, if the Board thereafter decided not to revoke the order of conditional release but to keep it in effect. On the other hand, if the Board made revocation of the order of conditional release, as it here did, the Attorney General's right of custody under the first sentence would simply continue, until appellant had completed service of the term thereof on the basis of the statutes, or until the Board should again relieve him from the further service thereof, if it later decided so to do.

Since the court here, at the time the parole-violation warrant was served, had other custody of appellant, by virtue of the offense committed by him during his release, it would not have been required to yield its custody to the Attorney General, for renewed, interim service of the previous sentence until the Board took action upon revoking or continuing in effect its order of conditional release. And had the court not so yielded custody to the Attorney General under the parole-violation warrant, but committed appellant to the Attorney General's custody for immediate service of the second sentence, neither the fact that the parole-violation warrant had been served, nor that the Board subsequently revoked the order of conditional release, would have required the Board to accord the significance to his confinement of constituting a serving also of the balance of his first sentence. Cf. Zerbst v. Kidwell, supra, 304 U.S. 359, 363, 58 S. Ct. 872, 82 L.Ed. 1399.

On the operativeness allowed the first sentence, by §§ 4205 and 4206, to subject appellant to a further service thereof, after execution of the parole-violation warrant and return of appellant to the custody of the Attorney General thereunder, until such time as the Board should take action to revoke or continue the conditional release, there cannot in our opinion be said to have been involved, when the second sentence was pronounced, any such indefiniteness, con-

tingency or vacuum, in respect to the taking effect thereof as would make the language used invalid or meaningless. In providing that "said sentence (is) to be served consecutively and not concurrently with any other sentence to be served by the defendant", the court was not relating the effectiveness of the second sentence to the taking of some necessary action on the part of the Board of Parole, which was beyond the court's power of direction or control—such as was held to be improper sentencing action in Tippit v. Squier, 9 Cir., 145 F.2d 211, and Tippit v. Wood, 78 U.S.App.D.C. 332, 140 F.2d 689.

The effect of the provision of the order here was merely to make the commencement of the second sentence consecutive to such further serving of the first sentence as would legally result from the court's permitting appellant to be returned to the custody of the Attorney General under the first sentence, on the basis of the parole-violation warrant. If the Board decided not to revoke the conditional release, but to leave it in effect, the Attorney General's right of custody under the first sentence would once more cease, and the second sentence would thereupon become operative. If, on the other hand, the Board revoked the conditional release and ordered appellant to serve the remainder of such term, the Attorney General's right of custody under the first sentence would unbrokenly continue, and the service of appellant's second sentence would not commence, until the first sentence was legally completed or its operativeness had otherwise been made to cease.

What has been said is sufficient to entitle the order of the District Court to be affirmed. The fact may be reemphasized, in concluding, that the identification and specification in which the court engaged, in its denial of appellant's motion, by way of clarification and repronouncement of the sentence order involved, did not add to or alter the legal effect of that sentencing order.

What the court said in imposing sentence, that "said sentence (is) to be serv-

ed consecutively and not concurrently with any other sentence to be served by the defendant", was, on the attendant facts and circumstances of the situation involved, legally sufficient to constitute that sentence consecutive to such further serving of appellant's first sentence as he would be required to engage in. The record of the sentencing proceedings leaves no room for doubt or dispute as to the identity of the sentence to which the provision for consecutiveness was intended to be related. No other sentence was claimed to exist against appellant. The nature and extent of the sentence and of appellant's status in respect thereto were brought out in the proceedings. It was stated to the court that appellant was pleading guilty to the first count of the indictment, upon the understanding that such sentence as the court might impose should be consecutive to the "unfinished term" of the first sentence, and that the United States Attorney would on this basis move to have the other four counts of the indictment dismissed (which motion was made and granted).

There thus existed on the record of the sentencing proceedings plain certainty as to the court's intent and of appellant's understanding of how the sentence was to operate. The language used in the order had the capacity to enable that result to be accomplished. The Attorney General and the warden had both accorded the sentencing order its intended, understood and capable purpose. The elements of the situation made the order subject to effective execution, with no violation of or legal prejudice to any of appellant's rights.

On all this, the language, "said sentence to be served consecutively and not concurrently with any other sentence to be served by the defendant", was not of such indefiniteness or contingency in respect to the operativeness of the sentence involved as to make it either invalid or meaningless for purposes of appellant's imprisonment. Cf. Boyd v. Archer, 9 Cir., 42 F.2d 43, 44, 70 A.L.R. 1507; Austin v. United States, 9 Cir., 19 F.2d 127, 129; Watson v. United

States, 84 U.S.App.D.C. 86, 174 F.2d 253; Tippit v. Squier, 9 Cir., 145 F.2d 211, 213.

The denial of appellant's motion is affirmed.