William Ernest SADLER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7128.

United States Court of Appeals
Tenth Circuit.

Jan. 15, 1963.

Ralph B. Rhodes, Denver, Colo., for appellant.

Gerald R. Miller, Asst. U. S. Atty. (William T. Thurman, U. S. Atty., was with him on the brief), for appellee.

Before BRATTON, LEWIS and SETH, Circuit Judges.

LEWIS, Circuit Judge.

Appellant was a conditional releasee, 18 U.S.C.A. § 4164, under the supervision of the United States Board of Parole, when he was arrested in Salt Lake City, Utah, as a federal conditional release violator. While in custody, he was further charged with violation of the National Motor Vehicle Theft Act, 18 U.S.C. § 2312 and found guilty upon trial in the District Court for the District of Utah. The conviction was sustained on appeal, Sadler v. United States, 10 Cir., 303 F.2d 664.

The sentence of the lower court committed appellant to imprisonment for a term of three years and eight months "to run concurrently with any term of imprisonment which he may be required to serve in connection with Conditional Release Violation presently pending." The United States Board of Parole has not formally revoked the unserved portion of the appellant's first sentence and, in fact, appellant alleges that he has been informed by prison authorities at Leavenworth, Kansas, that a detainer warrant has been lodged against him and will not be served until he has been released under the recent sentence.

He brought a motion under 28 U.S.C.A. § 2255 to vacate, modify or correct the sentence entered by the Utah District Court on the theory that the concurrency provision of the sentence was a usurpation of the powers of the Board of Parole and thus void. The court recognized the argument in its order of denial, stating:

> " * * * my intention was that my sentence should be served concurrently with any remainder of the previous sentence which the petitioner might be called upon to serve, but recognize that it was the prerogative of the Board of Parole to come to a final conclusion as to service of the remainder of the sentence under its control * * *."

Appellant urges that the sentence is patently invalid under the doctrine of Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399. There the prisoners sought their release after service of their second term, contending that they began service on the unexpired part of their original sentences at the moment they were again incarcerated. The Supreme Court held that the second sentence interrupted the service of the original sentence and the authority of the Board continued until the original sentence was completed and expired. From this case and others following it concerning the exclusiveness of the Board's power over a parole violator, appellant claims that the concurrency provision of the sentence was an attempt, despite the negativing statement of the court, to exercise judicial authority over the executive function of the Board of Parole.

We find nothing in the terminology of the sentence which renders it void either as a judicial usurpation of power or an invalid surrender of authority. Appellant is presently committed pursuant to the District Court's sentence for a term certain which can neither be lengthened nor shortened by any action of the Board of Parole. The effectiveness of the sentence is not dependent upon any action of the Board. Compare Tippitt v. Squier, 9 Cir., 145 F.2d 211; Tippitt v. Wood, 78 U.S.App. D.C. 332, 140 F.2d 689; Hart v. United States, 8 Cir., 259 F.2d 646. Nor is the right, power, or discretion of the Board of Parole in relation to the original sentence affected by the sentence. The power of that Board remains intact to revoke parole upon the original sentence at any time before expiration of the second sentence or at its expiration or not at all. This is in accord with Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399.

We hold that the concurrency provision of the present sentence cannot affect the definiteness of that sentence nor the ultimate power of the Board of Parole to fix the total time of incarceration before release and is therefore valid. We are thus in accord with the words of the trial court that " * * * the part of my sentence which referred to its being served concurrently with any term of imprisonment the defendant may be required to serve on the Georgia sentence is surplusage which may be disregarded, (United States ex rel. Quinn v. Hunter, 162 F.2d 644, [7th Cir., 1947]), Plechner v. United States, 181 F.Supp. 591, 592 (E.D.Pa.1960) [sic], except as it may be accepted by the Board of Parole as a recommendation, as indeed, the Board already has indicated it will do. * * *"

Affirmed.