Harold L. **MOCK,** Appellant,

v.

**U. S. BOARD OF PAROLE** et al.,
Appellees.

**No. 18635.**

United States Court of Appeals District of Columbia Circuit.

Submitted March 1, 1965.

Decided April 8, 1965.

Appellant filed a brief, pro se, and his case was treated as submitted thereon.

Mr. Bernard J. Haugen, Atty., Dept. of Justice, of the bar of the Supreme Court of North Dakota, pro hac vice, by special leave of court, with whom Asst. Atty. Gen. Burke Marshall at the time the record was filed, and Mr. David C. Acheson, U. S. Atty., were on the brief, submitted on the brief, for appellees.

Messrs. Harold H. Greene, Atty., Dept. of Justice, and Frank Q. Nebeker, Asst. U. S. Atty., also entered appearances for appellees.

Before FAHY, BURGER and McGOWAN, Circuit Judges.

FAHY, Circuit Judge.

Convicted of bank robbery in violation of 18 U.S.C. § 2113, appellant was sentenced August 16, 1953, by the United States District Court for the Eastern District of Michigan to imprisonment for 15 years. He was released on parole November 23, 1960. On May 26, 1961 he was arrested, again charged with bank robbery, convicted, and sentenced in the same District Court to imprisonment for 20 years. He is now serving this second sentence at the federal penitentiary at Leavenworth. A parole violator warrant issued by the United States Board of Parole is lodged at the Leavenworth Penitentiary, but has not been executed.

Appellant filed suit in our District Court for a declaratory judgment and a mandatory injunction to require the violator's warrant to be executed. He named as defendants the Board of Parole and the Attorney General of the United States. The defendants' motion to dismiss was granted, followed by this appeal.[1] At his own request the hearing on the appeal was postponed for a time but has now been submitted on briefs.

■ 1. Among other relief appellant seeks restoration of 340 days of industrial good time alleged to have been revoked. He contends this credit may not be forfeited because of his parole viola-

tion. Such forfeiture, he argues, occurs only for conduct during "imprisonment" within the meaning of 18 U.S.C. § 4165 (1958), which he contends does not cover conduct while in parole status. Upon the reasoning of Howard v. United States, 274 F.2d 100, 103 (8th Cir. 1960), and Northcutt v. Wilkinson, 266 F.2d 2 (5th Cir. 1959), and cases there cited, we must reject this contention.

■ 2. Appellant claims also that the dismissal of his complaint is not reconcilable with the decision of this court in Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963); that is, he claims he was entitled to relief because he did not have a preliminary interview at or near the place of the alleged violation which resulted in the revocation of his parole. Before the case reached our District Court appellant had been convicted of the bank robbery which constituted the parole violation. In these circumstances Hyser v. Reed does not require further proceedings to afford him a preliminary hearing.

■■ 3. There is a consequence of the failure of the Parole Board to execute the violator warrant, issued when appellant was arrested for violation of his parole,[2] which seems appropriate for comment. Withholding execution of the warrant has the effect of postponing service of the unexpired portion of appellant's first sentence, which would be resumed upon execution of the violator warrant.[3] Service of this unexpired sentence apparently is to be delayed until he has completed serving the second sentence of 20 years.

---

1. All the court proceedings in this jurisdiction have been conducted *in absentia* by appellant *pro se*.

2. The contention of appellant that since his latest arrest he has been serving the unexpired portion of his first sentence, instead of serving under the second sentence, cannot be sustained. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938).

3. 18 U.S.C. § 4205 (1958) states:
"A warrant for the retaking of any United States prisoner who has violated

his parole, may be issued only by the Board of Parole or a member thereof, and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

18 U.S.C. § 4206 (1958) provides:

"Any officer of any Federal penal or correctional institution, or any Federal officer authorized to serve criminal process within the United States, to whom a warrant for the retaking of a parole violator is delivered, shall execute such warrant by taking such prisoner and returning him to the custody of the Attorney General."

The failure to execute the warrant under this provision holds in suspense the unexpired portion of the first sentence, with the effect that this portion of the first sentence is consecutive to the second sentence appellant is now serving. This result is brought about without a judicial decision requiring it. It occurs simply by the failure of the parole board or other authorized federal officer to execute the violator warrant. Had the court in sentencing appellant for the second conviction been advised that the course now being pursued was to be pursued the court might have imposed a different sentence. For example, if alerted to the problem and still wishing the offender to remain in prison for 20 years the sentencing judge could have subtracted the unserved portion of the first sentence from the 20 years and imposed an unconditional sentence for a period of time represented by the difference. See Tippitt v. Wood, 78 U.S.App.D.C. 332, 335, 140 F.2d 689, 692 (1944). In other words had the United States District Court for the Eastern District of Michigan known that the warrant would not be executed promptly,[4] or might be held without execution until completion of the sentence then to be imposed, the court might have given a different sentence. All this, however, is not a matter in this case for the District Court of this jurisdiction, but for the sentencing court.

4. From the somewhat incomplete papers before us it appears that the parole violator's warrant was not even issued when the sentencing for the second conviction took place. If this is true and

We affirm the order of our District Court but without prejudice to such proceedings as may be instituted in the United States District Court for the Eastern District of Michigan.

Affirmed.

the sentencing judge was not apprised that such a warrant would be issued he would have had no opportunity at all to adjust his sentence accordingly.