Richard Cabassa ESTEBAN, Appellant,

v.

Richard A. CHAPPELL, Chairman, U. S. Board of Parole, Appellee.

No. 19634.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 20, 1966.

Decided Feb. 2, 1966.

Petition for Rehearing Denied March 9, 1966.

Mr. Noel H. Thompson, Washington, D. C., (appointed by this court), for appellant.

Mr. Franklin E. White, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. David G. Bress, U. S. Atty., was on the brief, for appellee. Messrs. Alan G. Marer, Atty., Dept. of Justice, and Frank Q. Nebeker, Asst. U. S. Atty., also entered appearances for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and FAHY and TAMM, Circuit Judges.

JUDGMENT

PER CURIAM.

This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was argued by counsel.

On consideration whereof it is ordered and adjudged by this Court that the judgment of the District Court appealed from in this cause be, and it is hereby, affirmed.

FAHY, Circuit Judge (dissenting):

I would reverse, remand and require the defendants in the District Court, appellees in this court, to file a responsive pleading to the "Motion for Declaratory Judgment and Mandatory Injunction" filed in the District Court by appellant as the petitioner in that court. I would accompany such action with the suggestion that counsel be appointed for Esteban in the District Court; for the proceeding, though civil in nature, concerns his imprisonment.

It appears from the pleading of appellant, filed *pro se*, that he is being held at the United States Penitentiary at Atlanta, Georgia, and that the authorities there have failed to execute a warrant which has been issued for revocation of his mandatory release. Appellees moved to dismiss "on the ground that the complaint failed to state a claim upon which relief can be granted." Attached to the motion is a paper titled "Argument" in which it is stated:

Plaintiff, an inmate at the United States Penitentiary at Atlanta, Georgia, brings this action for a declaratory judgment of this Court that the failure of the defendants to execute a mandatory release warrant while he is imprisoned for an intervening conviction is unconstitutional. Accordingly he asks that the defendants be ordered to execute the warrant forthwith.

The Board of Parole is not required to serve the warrant on the offender during the period that he is imprisoned for a second offense which constitutes the alleged release violation and it may withhold service of the warrant until expiration of that period. [Citations omitted.]

Appellant had not alleged either that he was an inmate lawfully held pursuant to a lawful conviction and sentence or other basis for his confinement, and allegations in this regard are not contained in appellees' motion. Rule 12(b) (6), Fed.R.Civ.P., requires that when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." But the motion to dismiss does not appear to have been treated as a motion for summary judg-

ment. And even if the fact of an intervening conviction be admitted, this would not in my view answer the question whether appellant may be entitled to some relief by reason of the withholding of execution of the violation warrant, and, also, by reason of the failure to afford him a hearing respecting revocation or other action appropriate for consideration in connection with revocation. In these matters I think appellant needed the assistance of counsel in the District Court, or should have had the opportunity to refuse such assistance.[1]

---

[1]. In Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, the actual decision was that when a prisoner was sentenced, paroled, violated his parole, and had fully served a sentence for a second offense, this latter service was not also service of the unexpired portion of the original sentence. This does not seem to me necessarily to be dispositive of questions involved in this case. *Cf.* Mock v. U. S. Board of Parole, 120 U.S.App.D.C. 248, 345 F.2d 737.