Paul Edward MAPLES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18213.

United States Court of Appeals Eighth Circuit.

April 29, 1966.

John H. Fitzhugh, of Bryan & Fitzhugh, Fort Smith, Ark., made argument for appellant and filed brief.

James A. Gutensohn, Asst. U. S. Atty., Fort Smith, Ark., made argument for appellee and filed brief with Charles M. Conway, U. S. Atty., Fort Smith, Ark.

Before JOHNSEN and BLACKMUN, Circuit Judges, and YOUNG, District Judge.

PER CURIAM.

This appeal was permitted to be docketed in forma paueris as one taken in a criminal proceeding to have the form and effect of the sentence reviewed. We now dismiss the appeal as being frivolous.

The sentence is one of imprisonment for a term of two years for violation of the Dyer Act, 18 U.S.C.A. § 2312, (interstate transportation of a motor vehicle, knowing it to be stolen). At the time he committed the offense, appellant was on parole, 18 U.S.C.A. §§ 4202 and 4203, from the service of another Dyer Act sentence. The object of the appeal is to have us declare that the second sentence and the unserved portion of the first sentence run concurrently, or to have us direct that they be made to do so. The situation is without basis for any such request and without right on our part to grant any such relief.

There has been no revocation by the Board of Parole under 18 U.S.C.A. § 4207 of the parole on appellant's first sentence. The Board chose, as it had the authority to do, not to take any immediate action in relation to the parole. It deferred issuing a warrant against appellant under § 4205 for parole violation until after the second sentence was imposed and the order of commitment made thereon. It then placed the warrant as a detainer at the Federal Reformatory, El Reno, Oklahoma, to which appellant was ordered committed, and directed the warden to execute the warrant upon him when he was released on the second sentence. This course was taken on the basis of 28 CFR § 2.33, which had been promulgated by the Board under the authority of 18 U.S.C.A. § 4208, and which provided: "In the event a parolee commits another felony while under the control of the Board, a violator warrant will issue. Execution of the warrant may be deferred until completion of the subsequent sentence, and thereafter, if parole is revoked on the original sentence, the Board may require independent service of the unserved portion of the original sentence".

Thus appellant was not at the time under any confinement or commitment which it was necessary for the District Court to take into account or make specification in respect to as to the service of the second sentence. Whether appellant's parole should be revoked, and if so, whether he should be made to serve all or a part of his first sentence additionally to the term of the second sentence were matters exclusively for the Board of Parole. The Court could not require the Board to take any action, nor could it dictate what the effect and operation should be of such action as the Board might choose to take.

What the Supreme Court said in a situation of similar circumstances, Zerbst v. Kidwell, 304 U.S. 359, 361–362, 58 S. Ct. 872, 873, 82 L.Ed. 1399, 116 A.L.R. 808, is both applicable and dispositive here:

"When respondent committed a federal crime while on parole, for which he was arrested, convicted, sentenced, and imprisoned, * * * his imprisonment was attributable to his second sentence only * * *.

"The Parole Board and its members have been granted sole authority to issue a warrant for the arrest and return to custody of a prisoner who violates his parole. A member of the Board ordered that respondent be taken into custody *after* completion of the second sentence. Until completion of the second sentence—and before the warrant was served—respondent was imprisoned only by virtue of the second sentence. There is, therefore, no question as to concurrent service of sentences * * *".

See also Voorhees v. Cox, 140 F.2d 132 (8 Cir., 1944); Johnson v. Wilkinson, 279 F.2d 683 (5 Cir., 1960); Mock v. United States Board of Parole, 345 F.2d 737 (D.C. Cir., 1965).

It may be observed that appellant has insisted on and been provided with representation of counsel under the Criminal Justice Act through the entire course of the proceedings—before the Commissioner, in the District Court, and here. The appeal was taken because of the insistence of appellant and not because of the recommendation of his counsel. Counsel has, however, responsibly attempted in appellant's behalf to make as full a statement as possible in the circumstances.

Appeal dismissed.