James Delbert SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 22816.

United States Court of Appeals Ninth Circuit.

Dec. 2, 1968.

Rehearing Denied April 10, 1969.

James Delbert Smith, pro se.

Joseph L. Ward, U. S. Atty., Julien G. Sourwine, Asst. U. S. Atty., Reno, Nev., for appellee.

Before MERRILL, BROWNING and DUNIWAY, Circuit Judges.

ORDER

Appellant seeks review of the denial of a motion under 28 U.S.C.A. § 2255. Only one of the issues raised warrants discussion.

Appellant alleges that when he was sentenced for violating 18 U.S.C. §§ 2312 and 2314, he had already been arrested for a parole violation pursuant to a warrant issued by the United States Board of Parole (18 U.S.C. § 4205) and exe-

cuted in conformity with 18 U.S.C. § 4206; and that although the district court had discretion to make his sentence for the 18 U.S.C. §§ 2312 and 2314 offenses concurrent with the unexpired term of the earlier sentence (*compare* United States v. Quinn, 69 F.Supp. 488 (N.D.Ill.1946), *rev'd on other grounds*, United States ex rel. Quinn v. Hunter, 162 F.2d 644 (7th Cir. 1947), with Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938); Goulette v. Hunter, 73 F.Supp. 717 (D.Kan.1947)), it failed to exercise this discretion.

It is not clear from the record that the district court dealt with the precise issue appellant appears to be raising. We therefore remand to the district court for a further consideration of this issue only. The district court is requested to enter an order within thirty days, certifying a copy to this court, stating whether, under the facts of this case, it would exercise its discretion to order the sentence imposed under 18 U.S.C. §§ 2312 and 2314 to run concurrently with the unexpired term of the prior sentence if, in fact, the warrant of the United States Board of Parole was executed before appellant was sentenced. A hearing would then be required to determine when the warrant was executed. If, on the other hand, the district court concludes that it would not make the sentences concurrent, in any event, the order dismissing appellant's petition will stand affirmed as of the date of the district court's order.

## ON PETITION FOR REHEARING

### PER CURIAM:

Appellant was convicted of the interstate transportation of a counterfeiting device on January 10, 1967, in violation of 18 U.S.C. § 2314; and of the interstate transportation of a stolen motor vehicle on January 16, 1967, in violation of 18 U.S.C. § 2312. He was sentenced to ten years on the first charge and five years on the second, to run consecutively, a total of fifteen years.

Appellant attacked these convictions and sentences by motion under 28 U.S.C. § 2255, which the district court denied. One of appellant's contentions was that the district court failed to determine whether the sentences should run concurrently or consecutively with the unexpired term of an earlier federal sentence which, appellant alleged, he was then serving.[1]

The relevant facts as they appear in appellant's various papers, or elsewhere in the record, are as follows.

Appellant alleges that on January 24, 1967, a deputy United States Marshal took him into custody under a warrant issued on October 31, 1966, by the United States Board of Parole for alleged violation of the conditions of appellant's parole under a federal sentence on which 510 days remained to be served. Later that day, the deputy United States Marshal discovered that a United States Commissioner's order had been issued for appellant's arrest and temporary commitment for the January 16, 1967, violation of section 2312 for which appellant was subsequently indicted. Appellant was immediately taken before the United States Commissioner and committed on this charge. In due course appellant was indicted, pleaded guilty to the two charges previously referred to, and was sentenced as indicated. In accordance with the instructions of the Board of Parole, the Marshal returned the parole violator's warrant to the Board.

On initial consideration we concluded that whether the district court had authority to make its fifteen-year sentence run concurrently with the unexpired term of 510 days depended upon whether petitioner had been arrested on the parole violator's warrant. We therefore entered an order requesting the district court to determine whether it would order the sentences to run concurrently, if, in fact, the warrant had been executed. If it would, the district court was to hold an evidentiary hearing to deter-

---

1. Appellant's other contentions, also rejected by the district court, do not appear to us of sufficient merit to require discussion.

mine whether the warrant had been executed. Alternatively, if the court concluded that it did not wish the sentences to run concurrently, no hearing would be required, and the dismissal of appellant's petition was to stand affirmed.

Without holding a hearing to determine whether the parole violator's warrant had been executed, the district court ordered that the sentences which it had imposed "shall run concurrently with any sentence heretofore imposed by any *other* United States District Court" (emphasis in original).

The matter is now before us on petition for rehearing.

On reconsideration we have concluded that the district court's sentencing power did not depend upon whether the parole violator's warrant had been executed, and that its order, properly construed, is valid.

The underlying rationale of Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938), is that it was Congress's intention that the authority of the Board of Parole to discipline a parolee for violating the conditions of his parole should not be impaired by a sentence imposed for an offense committed while on parole. We erred in assuming the district court would be freed of this limitation on its sentencing power if, in fact, appellant were arrested on the parole violator's warrant on January 24.

Issuance and execution of a parole violator's warrant simply sets in motion the procedure by which the Board discharges its duty to determine whether a violation of the conditions of parole has occurred, and, if so, what rehabilitation treatment is appropriate. A preliminary interview follows which may result in withdrawal of the warrant and discharge of the prisoner if it is concluded that no significant violation has occurred. Should the warrant not be withdrawn,

a revocation hearing is held. The hearing may result in a Board decision that parole should be continued, either on the same or on different terms and conditions. If the Board decides to revoke parole, it may order the prisoner to serve all or only a portion of the unexpired term of his original sentence. 28 C.F.R. §§ 2.35–2.40 (1968 ed.); Note, Parole Revocation in the Federal System, 56 Geo.L.J. 705 (1968). *See* The Parole Board Cases, 128 U.S.App.D.C. 311, 388 F.2d 567 (1967).

It would be unreasonable to assume that Congress intended that the mere issuance and execution of a parole violator's warrant would be sufficient to authorize the sentencing court to frustrate the Board's power to deal with a parole violation by ordering that any penalty imposed by the Board be absorbed within the judicially imposed sentence. *See* Saylor v. United States Board of Parole, 120 U.S.App.D.C. 206, 345 F.2d 100 (1965); Sadler v. United States, 313 F.2d 106 (10th Cir. 1963); Jenkins v. Madigan, 211 F.2d 904 (7th Cir. 1954); Normandale v. Hiatt, 210 F.2d 941 (5th Cir. 1954).[2]

Nonetheless, the sentences imposed in this case, properly construed, were not unlawful. In Sadler v. United States, *supra*, it was held that a similar provision for concurrency was proper as a recommendation to the Board. We have gone further, however. In Tippitt v. Squier, 145 F.2d 211, 213 (9th Cir. 1944), we held that such a sentence may be read as providing that if at any time during the fifteen-year term the Board should determine that appellant's parole should be revoked, the remainder of the fifteen-year sentence would run concurrently with so much of the 510 days of the suspended sentence as the Board should decide must be served. So construed, the sentence is within the district court's power because it does not interfere with the exclusive authority of the

2. There is abundant authority that the issuance of the warrant alone does not have this effect. *See, e. g.*, Maples v. United States, 360 F.2d 155 (8th Cir. 1966); Schiffman v. Wilkinson, 216 F.2d 589, 590, n. 1, and cases cited (9th Cir. 1954).

Board to determine whether, and when, parole is to be revoked.[3]

Of course the district court might have subtracted the unserved 510 days from fifteen years, and imposed an unconditional sentence for the difference. Mock v. United States Board of Parole, 120 U.S.App.D.C. 248, 345 F.2d 737 (1965). A timely Rule 35 motion for reduction of sentence specifically directed the court's attention to the possibility that appellant might be required to serve the 510 days in addition to the fifteen years imposed by the court. In denying the motion, the court exercised its discretion not to reduce its own sentence for this reason.

The petition for rehearing is denied.

3. This does not mean that the Board of Parole may unreasonably delay proceedings to determine whether the alleged parole violation has occurred. Prompt action may be required where, as here, the alleged parole violation consists of conduct other than that forming the basis for the second conviction. Boswell v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 571, 573–574 (1967).

Under the regulations the prisoner may request the Board to initiate proceedings to determine whether the violation occurred, and, if so, whether parole should be revoked so that the unexpired term of the prior sentence may run concurrently with the second sentence. 28 C.F.R. § 2.37(c). See Williams v. Preston, 128 U.S.App. D.C. 311, 388 F.2d 577–578 (1967).