432 F.2d 62
 John Wesley ADAMS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 29838 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir., 1970,
 
 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Sept. 23, 1970.
 John W. Adams, pro se.
 Ralph E. Harris, Asst. U.S. Atty., El Paso, Tex., Seagal V. Wheatley, U.S. Atty., San Antonio, Tex., Victor K. Sizemore, Asst. U.S. Atty., El Paso, Tex., for appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the district court denying the petition for correction of sentence filed by a federal prisoner. We affirm.
 
 
 2
 On February 23, 1967, appellant was released on parole from Atlanta Federal Penitentiary, having served four years and six months on a ten-year sentence for kidnapping for the purpose of robbery. On July 22, 1967, he was apprehended and charged with violating the Dyer Act, 18 U.S.C. 2312, to which he pleaded guilty on August 17, 1967. The District Court sentenced him to five years imprisonment 'to run concurrently with the federal sentence the defendant is now serving.' Appellant has alleged that the Board of Parole has not revoked appellant's parole, but has issued orders to withhold execution of the parole violator warrant which it secured and has placed an administrative detainer against him.
 
 
 3
 Appellant's position is that the concurring sentence in this situation is meaningless since the Board could revoke his parole at such a time as to cause him to serve both the sentence for the second offense and, after that, the remainder of the first sentence from which he originally was paroled. Thus, taking issue with the trial court's power to order concurrent sentences in such situations, appellant petitioned that court to amend his sentence. The court denied relief and appellant appeals.
 
 
 4
 The five year sentence imposed by the District Court is proper and legal, within the limits provided in 18 U.S.C. 2312. Moreover, that sentence can have no effect upon the exclusive power of the parole board as to when parole on the earlier sentence should be revoked. If the rule were otherwise, the Board would be powerless to impose a sanction for a violation of the terms of the release. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938); Smith v. United States, 409 F.2d 1188 (9th Cir. 1968); Sadler v. United States, 313 F.2d 106 (10th Cir. 1963).
 
 
 5
 Accordingly, that part of the sentence which provides that it run concurrently with any part of the prior sentence remaining to be served may be considered by the parole board as a recommendation or may be disregarded. It does not affect the power of the Board. Sadler v. United States, supra; United States ex rel. Quinn v. Hunter, 162 F.2d 644 (7th Cir. 1947).
 
 
 6
 There being no defect in the sentence, the judgment below is affirmed.[1]
 
 
 
 [1]
 This disposition is without prejudice to the right of the appellant to an administrative remedy under 28 C.F.R. 2.37(c) (1970). The record does not inform us whether the provisions of that regulation have been carried out. See also Smith v. United States, 409 F.2d 1188, 1191 n. 3 (9th Cir. 1969)