Jack Lewis KATZ, Petitioner,

v.

C. C. PEYTON, Respondent.

Civ. A. Nos. 3109–M, 3110–M.

United States District Court
E. D. Virginia,
at Alexandria.

Jan. 31, 1964.

Stanley D. Perry, Alexandria, Va., for plaintiff.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., Peter J. Kostik, Arlington, Va., for defendant.

LEWIS, District Judge.

Jack Lewis Katz was convicted of grand larceny in the Circuit Court of Arlington, Virginia, and sentenced to a term in the Virginia State Penitentiary. Having exhausted his state remedies, he now seeks his release in this Court by writ of habeas corpus on the ground that the judgment and sentence thus imposed are illegal and in contravention of the rights secured him by the Fourth and Fourteenth Amendments of the Constitution of the United States.

He assigns as error the admission of evidence obtained as a result of an unlawful search and seizure of his automobile; unlawful arrest (he concedes that if the arrest was lawful, the search and seizure were lawful); and the admission in evidence of "statements" made by him to the arresting officers before being advised of his constitutional rights.

The case was submitted upon the record made in the State court, no additional testimony being offered during the hearing before this Court.

Circumstances leading to the arrest of the defendant, the search of his automobile, and the seizure of the cigarettes were as follows:

On or about September 29, 1962, at the Safeway Store located at 2300 North Harrison Street, Arlington, Virginia, an unidentified customer indicated to the manager, Howard Snyder, that she had seen a man repeatedly entering and leaving the store carrying out bags containing cartons of cigarettes without paying for them and placing them in a car. The customer pointed out the man (defendant Katz), who was then at the cigarette display. Both the manager and the assistant manager, Alton Dewey, observed Katz going through the check stand with one or two cartons of cigarettes and some other items purchased in the ordinary course of business. They personally did not see him take any articles from the store without paying therefor.

The defendant then proceeded across Harrison Street and entered several stores. Snyder went out to the parking lot where he found a car, with District of Columbia tags, containing several bags marked "Safeway Stores" placed on the back floor. The bags were covered with lunch sacks and newspapers so that he was unable to discern their contents. He then returned to the store and phoned Officer H. E. Harding of the Arlington County Police, also a part-time employee of Safeway. Thereafter Snyder checked his cigarette stock and found certain brands unusually low.

Dewey, the assistant manager, also went out to the car under observation and he says cigarettes in one of the bags were definitely visible. He remained there and kept the defendant under surveillance. Katz returned from across the street, walked north where there are no stores. He was next seen on Lee Highway approaching the Safeway from an easterly direction. As he neared the car where Dewey was standing, he turned around and proceeded back down (west) Lee Highway.

Officer Harding arrived and was given a description of the defendant by Dewey. He called headquarters and waited at the car under observation until Detectives Cauffman and Mackey arrived in a cruiser. Cauffman testified that he definitely saw a corner of one of the cartons of cigarettes on the floor in the back of the car in question. Harding testified he saw the bags but not what they contained; however, he said he knew from previous experience in apprehending a shoplifter that approximately sixteen cartons could be placed in one bag. There being two bags, he figured the value of the cigarettes in excess of $50.00, the statutory prerequisite for grand larceny in Virginia.

Detective Mackey remained with the cruiser on the Safeway parking lot while the other two officers proceeded to search for the defendant. A man matching the description given was found standing in a phone booth on Lee Highway about a block west of the Safeway Store. The Officers identified themselves, and when the defendant refused to voluntarily return with them to the cruiser, Detective Cauffman placed him under arrest for shoplifting. When they arrived at the cruiser Officer Harding charged him with grand larceny. Upon questioning, the defendant denied ownership of the car, but when asked to place his belongings on the trunk of the cruiser, his registration card revealed that his car and the one under observation were the same. Officer Mackey took the car keys found on Katz and was approaching the car

when Katz admitted ownership of the car and the theft of the cigarettes. The car was then searched and approximately 256 cartons of cigarettes were found in the back seat and trunk, 96 of which were identified as being from the Safeway Store on Harrison Street and the rest from the Safeway Store at 1525 Wilson Boulevard in Arlington. When Assistant Manager Dewey identified the defendant as the man he had been watching, Katz said he was sorry, and told Dewey he was glad he was caught.

■ Probable cause to make an arrest without a warrant exists where the facts and circumstances within the knowledge of the arresting officers are sufficient to warrant a prudent man in believing that an offense has been committed or is being committed.[1] Although an arrest cannot be founded upon mere suspicion, evidence required to establish guilt is not necessary.[2] Here we have more than mere suspicion: Positive identification of the suspect by a customer—his presence in the store—missing stock of certain brands of cigarettes—Safeway cigarettes, partially covered by bags, were found on the back floor of a locked car in the customer parking lot—suspicious activities on the part of the defendant in circling the area—his reluctance to return to his car—and loitering in a nearby phone booth.

Under these circumstances the arresting officers had probable cause to arrest Katz without a warrant, and the Court so finds.

Contee v. United States, 94 U.S.App. D.C. 297, 215 F.2d 324 (1954), relied upon by the defendant, is not in point. There the arresting officer, acting on a completely uncorroborated tip by an identified informer, arrested the defendant at his home without a warrant. His sole source of information was the statement that Contee "was the party that had been involved in some robberies." Here the information given the manager by the customer was amply corroborated prior to the arrest.[3]

■ The search of the car and the defendant was incident to a lawful arrest. Both were reasonable and lawful absent a search warrant.[4] Further, the search was not made until after the defendant admitted the theft and ownership of the car under observation. Safeway cigarettes (fruits of the crime) were plainly visible in the back of the car.

■ Finally, the defendant claims the trial court erred in denying his motion to exclude statements made by him to the police officers at the time of the arrest on the ground that he had not been advised of his constitutional right to silence. This contention is without merit. The statements complained of were voluntary admissions of guilt made by the defendant. There was no duty upon the arresting officer to warn the defendant that an admission they did not know he was about to make could be used against him.[5]

The petition for writ of habeas corpus will be denied.

1. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.

2. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

3. Draper v. United States, supra; United States v. Irby, 304 F.2d 280 (4th Cir.)

4. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Carroll v. United States, supra.

5. Fuller v. Commonwealth, 201 Va. 724, 113 S.E.2d 667; Mendoza v. Commonwealth, 199 Va. 961, 103 S.E.2d 1; see Culombe v. Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037.