**Jack Lewis KATZ, Appellant,**

v.

**C. C. PEYTON, Appellee.**

**No. 9377.**

United States Court of Appeals
Fourth Circuit.

Argued June 16, 1964.

Decided June 22, 1964.

Stanley D. Perry, Alexandria, Va., for appellant.

Reno S. Harp, III, Asst. Atty. Gen., of Virginia (Robert Y. Button, Atty. Gen., of Virginia, William J. Hassan, Commonwealth's Attorney for Arlington County, and Peter J. Kostik, Asst. Commonwealth's Attorney for Arlington County, on brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and MICHIE, District Judge.

HAYNSWORTH, Circuit Judge:

This prisoner sought habeas corpus upon the ground that he was convicted in the state court on evidence obtained as a result of an illegal search. The District Court found that the search was incident to a lawful arrest. We agree and need add little to what the District Court said in its opinion.[1]

One afternoon in September 1962, the petitioner, Katz, managed to remove some 256 cartons of cigarettes from two supermarkets without paying for them. Packed in market bags, sixteen cartons to the bag, the cartons of cigarettes were stored in the trunk and the rear compart-

1. Katz v. Peyton, E.D.Va., 232 F.Supp. 131.

ment of his automobile. While engaged in the removal of the last 96 cartons from a Safeway store in Arlington, Virginia, however, Katz excited the attention of another customer in the store. The customer, otherwise unidentified, reported to the Manager that she had seen a man repeatedly entering the store and leaving with bags of cigarette cartons, and, when Katz again returned to the store, he was pointed out by the customer as the individual who had been removing cigarettes. The Manager then kept Katz under close observation until he left, passing through the checkout counter and paying for the few articles, including two cartons of cigarettes, he then had with him.[2]

The Manager and the Assistant Manager, however, continued to keep Katz under observation, and police officials were summoned. A quick check of the cigarette counters disclosed that the stock was unusually low, and an automobile in the parking lot of the store was observed in which a number of laden market bags from the supermarket was stored on the floor of the rear compartment. These bags were covered with newspapers and other articles, so that their contents could not be observed from one side of the automobile. They were not fully shielded by the protective covering, however, so that from the other side of the automobile, it could be seen that two of these bags contained cartons of cigarettes. These were observed by the Assistant Manager of the store and one of the police officers.

Meanwhile, Katz was seen approaching the automobile repeatedly from several different directions, retiring each time when he saw that the store manager, and later police officials, were standing near the automobile. On the last occasion, he retired to a telephone booth and there remained, not undertaking to use the telephone in any way, until police officials finally approached him.

Katz first denied ownership of the vehicle, but, when he was placed under arrest for shoplifting and a search of his person disclosed the registration card for the automobile and its keys, Katz then announced that he was indeed the owner of the automobile and that it was laden with cigarettes. He professed gladness that his career of shoplifting was at an end.

The principal question is whether or not there was probable cause for the arrest, for the search of the petitioner's person and, immediately, thereafter, of his automobile after Katz's announcement of its contents, seems plainly reasonably incident to the arrest, if the arrest was lawful.

Katz ignores completely the unidentified customer's report to the Manager of the store that Katz had been seen repeatedly entering and leaving the store, carrying with him each time he left cartons of cigarettes, for which he had not paid. He contends that, since the reliability of the unknown informer was originally unknown and untested, the police officials had no right to place any reliance upon it, even to the extent of undertaking further investigation.

That is not the rule when later testing, before arrest, establishes the reliability of the informant's report. Though the informant's identity remains unknown, the reliability of the report was made manifest before the police acted.

Information from anonymous informants, or from those whose identity or reliability is unknown, or from informants who are known to be unreliable, cannot of itself furnish a basis of probable cause for arrest. Such information, though it has within itself no badge of trustworthiness, may, however, form a basis of probable cause for arrest if it is corroborated in essential particulars or is verified in essential parts by investigation before the arrest. This we specifically held in United States v. Irby, 4 Cir., 304 F.2d 280.

The information which the store manager obtained from the customer that

---

2. He was under close observation after he entered the store the last time and, apparently, was aware of it.

Katz had been extracting cartons of cigarettes from the store without paying for them was sufficiently corroborated when bags were seen in the rear of the automobile, and the officer saw that the bags contained some cartons of cigarettes and the bags appeared to have been stuffed to their capacity with containers of the same size and shape. The information obtained further corroboration when Katz was seen repeatedly approaching that automobile, only to retire when he saw that it was being watched and attended by the storekeeper or police officers.

The customer's report would not alone furnish probable cause for arrest. The police did not act upon it alone. They acted only after their own investigation had given substance and verity to the original report. Collectively, all the information the police had when they acted furnished probable cause for the arrest.

Affirmed.