**Glenn John HOLBROOK, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 10186.**

United States Court of Appeals Tenth Circuit.

Jan. 21, 1969.

Clayton W. Bell, Boulder, Colo., for appellant.

Lawrence M. Henry, U. S. Atty., Denver, Colo., for appellee.

Before LEWIS, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

The appellant, Glenn John Holbrook, was tried to a jury and convicted of the unlawful transportation of a stolen motor vehicle from Wilson, Kansas, to Denver, Colorado, in violation of 18 U.S.C. § 2312. On this direct appeal, appellant contends that an automobile ignition key obtained from his person at the time of his arrest was obtained by means of an unlawful search and seizure and should not have been admitted into evidence. He further contends that a confession that was obtained during his subsequent incarceration in the Denver city jail was involuntarily given and likewise inadmissible.

The events leading up to the arrest and search of the appellant began late on the night of September 20, 1967. At that time, two Denver police officers were walking a patrol assignment on Larimer Street in that city when they were approached by a man who identified himself as being one James Gibson. He informed the officers that while hitch-hiking to Denver he had secured a ride in a grey-blue 1963 Chevrolet station wagon whose driver had boasted of having eluded the police after a high-speed chase somewhere in Kansas. The officers relayed this information to other police officers and then resumed their normal duties. Approximately one hour later, the officers observed the vehicle in question parked in front of a local tavern. Upon approaching the automobile, they were again met by James Gibson who told them that was the car he had referred to previously. After further stating that the driver was inside the tavern, Gibson proceeded to point through a tavern window and identify the appellant. The officers then accosted the appellant, placed him under arrest, and upon searching him discovered the ignition key that was later admitted into evidence.

The officers escorted the appellant to Denver police headquarters where he was there confined in the city jail. The following morning, after having various discussions with local authorities, the

appellant conferred with two F.B.I. agents who had been notified that the appellant was being held for investigation of automobile theft.[1] The agents obtained a signed waiver of rights before interrogating the appellant and obtaining his confession. The confession indicated that in July, 1967, the appellant and a companion had entered a private garage in Wilson, Kansas, where the companion "hot-wired" the station wagon before the two men "shared the driving" of the vehicle from Kansas to Colorado. The confession did not indicate what had transpired during the two months between the time of the theft and appellant's arrest.

■ The search of the appellant and the seizure of the automobile ignition key were undertaken without the benefit of a search warrant. The constitutional validity of the search and seizure must therefore rest upon the propriety of the underlying arrest. Whether the arrest was lawful depends in turn upon the existence of the requisite probable cause necessary to validate an arrest. To constitute probable cause for the arrest it must be demonstrated that at the time the officer made the arrest the facts and circumstances within his knowledge and of which he had reasonably trustworthy information, were such as to warrant a prudent man in believing that the accused had committed or was committing an offense.[2]

■■ An examination of the facts presented in the case at bar reveals that the arresting officers did not possess reasonably trustworthy information that would justify the arrest of the appellant.

The officers acted solely on the basis of the information supplied by James Gibson, an individual whose true identity and reliability were completely unknown. At the time of the arrest the officers had absolutely no competent reason to suspect that the automobile was stolen or that the appellant was connected with the theft. The only information they had that would in any way connect the appellant with an unlawful act originated from the lips of a total stranger. Furthermore, the officers made no attempt to verify either the credibility of the information or the reliability of its source. It is rudimentary that an uncorroborated accusation by an informant whose identity and reliability remains untested cannot constitute probable cause.[3] As a result, we must conclude that the arrest was invalid, the search and seizure was unlawful, and the automobile ignition key obtained in the search should not have been admitted into evidence.

■ In an attempt to demonstrate that the confession was involuntarily given, appellant maintains that during his discussion with one of the local police officers he requested the advice of counsel and it was not provided. He does not deny, however, that prior to giving the confession at issue here, he was advised by the F.B.I. agents conducting the interrogation that he had a right to consult with counsel. Moreover, the appellant does not deny that prior to his discussion with federal authorities, he was presented with a standard waiver of rights form which he read and signed.[4] Furthermore, during the course of the hearing before the trial court, the appellant did not deny or in any manner refute an

---

1. It is not apparent from the record exactly how or when the local authorities first learned that the vehicle was stolen. There is little doubt, however, that this fact was not known until after the arrest was consummated.

2. Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Holt v. United States, 404 F.2d 914 (10th Cir. 1968).

3. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223 (1961); Draper v. United States,

358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Edmondson v. United States, 402 F.2d 809 (10th Cir. 1968); Contee v. United States, 94 U.S.App.D.C. 297, 215 F.2d 324 (1954); Katz v. Peyton, 334 F.2d 77 (4th Cir. 1964) cert. denied 379 U.S. 915, 85 S.Ct. 261, 13 L.Ed. 2d 185.

4. The standard waiver form is identical to that set forth in Sullins v. United States, 389 F.2d 985, 987 n. 1 (10th Cir. 1968).

earlier statement by one of the F.B.I. agents who testified that he had orally advised appellant of his rights and specifically asked him whether he desired to see an attorney, to which the appellant replied: "I have no reason to need an attorney, I don't want one." In short, the appellant was clearly advised as to his constitutional rights prior to authoring the confession he now seeks to renounce. In fact, in view of the uncontradicted evidence indicating that he affirmatively declined the assistance of counsel, it seems that even under the "express declination rule" of Sullins v. United States, supra, the confession was voluntary and admissible.

In sum, although the confession was voluntary, the admission into evidence of the unlawfully seized ignition key requires that appellant be granted a new trial.

Reversed and remanded for further proceedings consistent herewith.