George Edward **HOFFMAN**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

Civ. No. 69–594.

United States District Court,
D. Oregon.

Nov. 16, 1970.

Charles C. Saverude, Portland, Or., for petitioner.

Sidney I. Lezak, U. S. Atty., Charles H. Turner, Asst. U. S. Atty., Portland, Or., for respondent.

## OPINION

SOLOMON, Chief Judge:

On April 6, 1960, George Hoffman was convicted and sentenced in the United States District Court for the Northern District of California to a 10-year prison term for post office burglary. On November 21, 1966, he was released on parole with about three years and five months remaining to be served.

On March 29, 1967, Judge John F. Kilkenny, then a District Judge, sentenced Hoffman in the United States District Court for Oregon to a 10-year term following Hoffman's plea of guilty to attempted bank robbery. Judge Kilkenny provided that this sentence is to run concurrently with a sentence imposed by the United States District Court for the District of California, Criminal Number 37075, dated April 7, 1960.

Hoffman is presently in jail at Leavenworth, Kansas, on the Oregon sentence. The Board of Parole issued a parole violator's warrant based on the California sentence. The Board has not executed the warrant, or held a hearing, or revoked Hoffman's parole. It merely filed a detainer.

Hoffman contends that the Board might not assert his parole violation until he completes the 10-year Oregon sentence. This would require him to serve an additional three years and five months on the prior sentence.

On April 23, 1967, Hoffman wrote Judge Kilkenny that the sentences were not running concurrently. Judge Kilkenny treated the letter as a motion for reduction of sentence. On April 28, 1967, Judge Kilkenny denied relief. He held (1) that a federal court has authority to direct a sentence to run concurrently with the sentence of another federal court, and (2) that a discretionary action of the Board of Parole is not subject to judicial review. On Hoffman's

application for reconsideration, Judge Kilkenny again denied relief.

On June 10, 1968, Hoffman sought declaratory relief against the Attorney General and prison officials to have his sentences run concurrently. In an opinion and order dated October 3, 1968, Judge Kilkenny again denied relief, holding, "The provision in the sentence imposed by this Court in CR 67–48, requiring the sentences in question to be served concurrently, is directory and is not binding upon the United States Board of Parole."

Hoffman filed a notice of appeal, but on June 5, 1969, the appeal was dismissed for want of prosecution.

Hoffman now brings a motion under 28 U.S.C. § 2255 and Rule 35, Fed.R. Crim.P., to vacate, modify or correct Judge Kilkenny's sentence as illegal.

### Contentions

1. Hoffman contends that Judge Kilkenny violated Rule 11, Fed.R.Crim. P., when he accepted Hoffman's guilty plea.

■ This contention has no merit. I have read the transcripts of the proceedings at both Hoffman's arraignment and at his sentence. In addition, his eminent appointed counsel (now Chief Judge of the Oregon Court of Appeals) testified in the present proceedings. I am convinced that Hoffman entered his plea of guilty freely and voluntarily without any threats or promises, after having been fully informed of the possible consequences of his plea by his court appointed counsel. In addition, there was no plea bargaining.

2. Hoffman contends that Judge Kilkenny violated Rule 11 by failing to order a psychiatric examination of Hoffman under 18 U.S.C. § 4244.

Hoffman says that his counsel brought a psychopathic problem to the Court's attention and that the Court itself recognized a possible psychiatric problem. For this contention, Hoffman relies on the following passages from the sentencing transcript:

"MR. SCHWAB: * * * The other thing I can say in his favor in the past, for what it is worth, although I don't pretend to know anything about psychiatry, I have talked to psychiatrists about cases like this. They say that men with records like this are— at least those that I have talked to, have in effect psychopathic personalities, and that in the usual case, these psychopathic tendencies or the over-manifestations of the psychopathic tendencies tend to disappear by the time a man reaches about 45. I say that is not always true, but that is a pretty general pattern.

"THE COURT: * * * Now, I agree with what has been said by your attorney, Mr. Schwab. Society is advancing to a point where maybe we will have psychiatrists that sometimes can detect just what is going on in the mind of a man that is just in constant trouble with the law and who seems to be happier, you might say, when he is in confinement than when he is on his own, that he doesn't know how to cope with his own personal liberty."

These general remarks about "psychopathic personalities" and the state of the art of psychiatry do not refer to any specific behavior or traits of Hoffman which would require a § 4244 examination.

■ Hoffman does not assert that he is or was mentally incompetent and nothing in the record of this case would have given the United States Attorney or the Court "reasonable cause" to believe that Hoffman was insane or mentally incompetent to enter a valid plea of guilty.

■ 3. Hoffman next contends that Judge Kilkenny's sentence was illegal. He asserts that prompt service of the parole violator's warrant was an implied condition of the sentence and that the sentence imposed by Judge Kilkenny was illegal for being too vague and indefinite.

Hoffman is entitled to relief only if Judge Kilkenny intended that Hoffman serve a maximum of 10 years on both the Oregon sentence and the balance of the California sentence.

I find that Judge Kilkenny had no such intention. This issue was before Judge Kilkenny on at least two occasions, and each time Judge Kilkenny held that the provision relating to concurrent sentences was only directory and not mandatory on the Board of Parole. Each time he refused to reduce or modify Hoffman's sentence to make it conform to what Hoffman claims was Judge Kilkenny's intention.

In the recent case of Smith v. United States, 409 F.2d 1188 (9th Cir.1969), the Ninth Circuit Court of Appeals, in an almost identical case, held that a similar sentence was valid and denied the petitioner any relief.

"Nonetheless, the sentences imposed in this case, properly construed, were not unlawful. In Sadler v. United States, supra [313 F.2d 106 (10 Cir. 1963)], it was held that a similar provision for concurrency was proper as a recommendation to the Board. We have gone further, however. In Tippitt v. Squier, 145 F.2d 211, 213 (9th Cir.1944), we held that such a sentence may be read as providing that if at any time during the fifteen-year term the Board should determine that appellant's parole should be revoked, the remainder of the fifteen-year sentence would run concurrently with so much of the 510 days of the suspended sentence as the Board should decide must be served. So construed, the sentence is within the district court's power because it does not interfere with the exclusive authority of the Board to determine whether, and when, parole is to be revoked.

"Of course the district court might have subtracted the unserved 510 days from fifteen years, and imposed an unconditional sentence for the difference. Mock v. United States Board of Parole, 120 U.S.App.D.C. 248, 345 F.

2d 737 (1965). A timely Rule 35 motion for reduction of sentence specifically directed the court's attention to the possibility that appellant might be required to serve the 510 days in addition to the fifteen years imposed by the court. In denying the motion, the court exercised its discretion not to reduce its own sentence for this reason." 409 F.2d at 1190.

I am bound by that decision.

Hoffman may be entitled to have the Board of Parole exercise its discretion and determine at a revocation hearing whether his parole should be revoked.

This is not a proper proceeding in which to raise this issue.

Section 2.37(c) of 28 Code of Federal Regulations reads as follows:

"In those instances where the prisoner is serving in an institution on a new sentence, the warrant may be placed there as a detainer. The prisoner shall be advised that he may communicate with the Board relative to disposition of the warrant. Where the facts merit, the Board shall direct a Member or a designated examiner to conduct a dispositional interview at the institution where the prisoner is confined. At such dispositional interview, the prisoner may be represented by counsel of his own choice and may call witnesses in his own behalf, provided that he bears their expenses. He shall be given timely notice of the dispositional interview and its procedure."

"NOTE: Following the interview, the Board may take any action relative to the warrant appropriate under the statutes and the regulations of the Board. The dispositional interview may be constructed as a revocation hearing in those cases where the Board does not withdraw its warrant but determines that the violator's term shall begin to run concurrently with the new sentences then being served."

The section may entitle Hoffman to a dispositional interview with a member

of the Parole Board at the United States Penitentiary at Leavenworth, Kansas, where he is now confined. *See* Smith v. Rivers, 128 U.S.App.D.C. 311, 388 F.2d 567 (1967).

Hoffman's request for relief under Rule 35, Fed.R.Crim.P., and 28 U.S.C. § 2255 is denied.

This opinion shall constitute findings of fact and conclusions of law in accordance with Rule 52(a), Fed.R.Civ.P.