772 F.2d 907
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GARY LEE LUMLEY, PETITIONER-APPELLANT, 84-1713
STEVEN D. LUMLEY, PETITIONER-APPELLANT, 84-1817
v.
UNITED STATES OF AMERICA, RESPONDENT-APPELLEE.
 NOS. 84-1713, 84-1817
 United States Court of Appeals, Sixth Circuit.
 8/7/85
 
 1
 E.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: KEITH and MERRITT, Circuit Judges; and DOWD, District Judge.*
 
 
 3
 This matter is before the Court upon the appellants' motions for counsel. The consolidated appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, the motions and appellants' informal briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Gary Lumley and Steven Lumley are appealing the separate judgments of the district court denying their petitions for habeas corpus relief filed pursuant to 28 U.S.C. Sec. 2255. The cases have been consolidated on appeal. Steven had pled guilty to his part in a bank larceny, 18 U.S.C. Sec. 2113(a), at Hartland, Michigan on June 24, 1982. Gary pled guilty to his involvement in a conspiracy to commit bank larceny, 18 U.S.C. Sec. 2 and Sec. 2113(a). Each is serving a fifteen year sentence in federal prison for their crimes. The larcenies involved breaking into bank night deposit boxes.
 
 
 5
 The 28 U.S.C. Sec. 2255 motions are identical. They alleged that the district court did not follow the mandates of the Federal Youth Correction Act (YCA), 18 U.S.C. Sec. 5005 et seq. (repealed effective 10/12/84). Further, it was alleged the district court failed to explore the mental condition of the defendants prior to accepting the plea and imposing sentence. The district court held, in dismissing the Sec. 2255 motions, that the magnitude of the bank larcenies and the appellants' criminal background warranted the sentence. Also, the court held there was no evidence in the record to indicate that the appellants had mental problems at sentencing.
 
 
 6
 The YCA was repealed effective October 12, 1984. Sentencing is now controlled by the Comprehensive Crime Control Act of 1984. See 28 U.S.C. Sec. 994(d). The YCA, however, is still relevant to the appellants' situation because they were sentenced prior to the effective date of the new act.
 
 
 7
 Gary Lumley's only argument on appeal is that the district court erred in considering prior uncounseled convictions in refusing a YCA sentence. He is asserting a United States v. Tucker, 404 U.S. 443 (1972) type argument. This argument, however, is not properly before this Court because it was not presented to the district court. United States v. Aulet, 618 F.2d 182 (2nd Cir. 1980).
 
 
 8
 Steven's first contention on appeal is that the district court impermissibly considered his prior felony record as the sole reason to preclude a YCA sentence. He contends the court should have considered other mitigating factors such as his age. The appellant's argument is without merit. Once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end. Gore v. United States, 357 U.S. 386, 393 (1958). The YCA does not restrict a sentencing court's discretion but expands it by providing a rehabilitative alternative to an ordinary sentence. Dorszynski v. United States, 418 U.S. 424, 442 (1974). A district court may sentence a youth to an adult sentence under the act, 18 U.S.C. Sec. 5010(d); the judge must make an explicit finding that the youth would not benefit from the act but need not give a statement of reasons to justify his decision. Id. at 444. The plea agreement reveals Steven could have been given twenty years under 18 U.S.C. Sec. 2113(a). The fifteen years he received was within legal bounds. Further, the court complied with the mandate of Dorszynski, supra, in making a specific 'no benefit' finding. The district court did not abuse its discretion.
 
 
 9
 Steven has also alleged the presentence report was incomplete. This argument is not properly before this court. It was not brought before the district court. United States v. Aulet, supra.
 
 
 10
 Finally, Steven contends that the district court should have recognized his mental instability prior to sentencing and should have ordered a competency hearing. The court conducted the mandatory colloquy with the defendant and his attorney to ascertain the voluntariness of the guilty plea. Nothing in the record indicated a need for a competency hearing. Counsel made no motion and the defendant seemed responsive and coherent during the sentencing hearing. Thus, this allegation of error is without merit. Katz v. Peyton, 334 F.2d 77 (4th Cir.), cert. denied, 379 U.S. 915 (1964); Hoffman v. United States, 319 F.Supp. 847 (D. Or. 1970).
 
 
 11
 Accordingly, the motions for counsel are denied, and the district court judgment is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, U.S. District Judge for the Northern District of Ohio, sitting by designation