772 F.2d 907
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STEVEN LUMLEY, PETITIONER-APPELLANT,
v.
UNITED STATES OF AMERICA, RESPONDENT-APPELLEE.
 NO. 84-1825
 United States Court of Appeals, Sixth Circuit.
 8/8/85
 
 1
 E.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: ENGEL and KRUPANSKY, Circuit Judges; and GIBBONS, District Judge.*
 
 
 3
 This matter is before the Court upon the appellant's motion for counsel. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, the motion and appellant's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Steven Lumley brings this appeal from the judgment of the district court denying his petition for habeas corpus relief, 28 U.S.C. Sec. 2255. He had pled guilty to bank larceny, 18 U.S.C. Sec. 2113(a), on October 26, 1982; the appellant admitted breaking into and stealing money from bank night deposit boxes. The crimes in this action occurred at Roscommon State Bank, Prudenville, Michigan on May 6, 1982 and at Ann Arbor Bank & Trust, Ann Arbor, Michigan on June 20, 1982. The appellant received a fifteen year sentence for his crimes. This sentence is being served concurrently with a fifteen year bank larceny sentence imposed in criminal action 82-50044-5.
 
 
 5
 The Sec. 2255 petition in this case is identical to the petition filed in criminal action 82-50044-5. That case is presently before this Court on appeal as case number 841817. In his Sec. 2255 motion the appellant alleges the district court did not follow the mandates of the Federal Youth Correction Act (YCA), 18 U.S.C. Sec. 5005 et seq. (Repealed effective 10/12/84), in imposing the fifteen year sentence. Further, it was alleged the district court failed to examine his mental condition prior to accepting the plea and imposing sentence. The district court, in dismissing the Sec. 2255 motion, held that the magnitude of the bank larcenies and the appellant's criminal background warranted the sentence. Also, the court held there was no evidence in the record to indicate that the appellant had mental problems at sentencing.
 
 
 6
 The YCA was repealed effective October 12, 1984. Sentencing is now controlled by the Comprehensive Crime Control Act of 1984. See 28 U.S.C. Sec. 994(d). The YCA, however, is still relevant to appellant's situation because he was sentenced prior to the effective date of the new act.
 
 
 7
 The appellant's first argument is that the district court impermissibly considered the appellant's prior felony record as the sole reason to preclude a YCA sentence. He contends the court should have considered other mitigating factors such as his age. The appellant's argument is without merit. Once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end. Gore v. United States, 357 U.S. 386, 393 (1958). The YCA does not restrict a sentencing court's discretion but expands it by providing a rehabilitative alternative to an ordinary sentence. Dorszynski v. United States, 418 U.S. 424, 442 (1978). A district court may sentence a youth to an adult sentence under 18 U.S.C. Sec. 5010(d); the judge must make an explicit finding that the youth would not benefit from the act but need not give a statement of reasons to justify his decision. Id. at 444. The plea agreement reveals Steven could have been given twenty years under 18 U.S.C. Sec. 2113(a). The fifteen years he received was within legal bounds. Further, the court complied with the mandate of Dorszynski in making a specific 'no benefit' finding. The district court did not abuse its decretion.
 
 
 8
 The appellant has also alleged the presentence report was incomplete. This argument is not properly before this Court. It was not brought before the district court. United States v. Aulet, 618 F.2d 182 (2d Cir. 1980).
 
 
 9
 Finally, he contends that the district court should have recognized his mental instability prior to sentencing and should have ordered a competency hearing. The court conducted the mandatory colloquy with the defendant and his attorney to ascertain the voluntariness of the guilty plea. Nothing in the record indicated a need for a competency hearing. Counsel made no motion and the defendant seemed responsive and coherent during the sentencing hearing. Thus, this allegation of error is without merit. Katz v. Peyton, 334 F.2d 77 (4th Cir.), cert. denied, 379 U.S. 915 (1964); Hoffman v. United States, 319 F.Supp. 847 (D. Or. 1970).
 
 
 10
 Accordingly, it is ORDERED that the motion for counsel is denied and the district court judgment is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation